UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X  Index No.:
CHANEL AUSTIN,

                                 Plaintiff,            **COMPLAINT**
                                                      **AND JURY DEMAND**

          - against -

THE CITY OF NEW YORK; NEW YORK
CITY DEPARTMENT OF CORRECTION; SUPERVISING
WARDEN VICTOR VASQUEZ OF ANNA M. KROSS
CENTER (Shield Number unknown), WARDEN TONY
DURANTE OF ANNA M. KROSS CENTER (Shield Number
unknown), WARDEN OF NORTH INFIRMARY COMMON,
F/N/U, L/N/U & Shield Number unknown), NYC DOC
OFFICER DUNBAR, F/N/U & (Shield Number unknown);
NYC DOC OFFICER WILSON, (F/N/U, Shield Number 17408),
and NYDOC OFFICERS JOHN and/or
JANE DOES "1" through "3",

                                 Defendants.
-------------------------------------------------------------------------X

         Plaintiff, CHANEL AUSTIN, (hereinafter "Plaintiff" and/or "Ms Austin."), by her

attorneys, LAW OFFICE OF MATTHEW B. WALLER, complaining of the Defendants,

respectfully alleges, upon information and belief, as follows:


## I. PRELIMINARY STATEMENT

1. Plaintiff, CHANEL AUSTIN, who is transgendered, was the victim of several
   assaults, sexual assaults and discrimination while detained at Rikers Island, NY.

2. Plaintiff now brings this civil rights action pursuant to 42 U.S.C 1983 for violations
   of the First, Fourth, and Fourteenth Amendments to the Constitution of the United
   States for compensatory damages, punitive damages, and attorneys' fees and costs,
   for deprivation of her constitutional rights, statutory and common law rights for her
   injuries caused by the Department of Correction Officers, and by the municipal
   policies, practices and customs of their employer, Defendant City of New York,

3. Due to defendants' deliberate and intentional conduct, Ms. Austin was exposed to and became the victim of continued harassment and several incidents of sexual assault, when she was housed in an all male dormitory.

4. On or about May 11, 2015 through May 18, 2015, at the Anna M. Kross Detention Complex (AMKC), located at 18-18 Hazen Street, specifically in the Q5 and Q3 floors of AMKC, in the County of Queens, City and State of New York, plaintiff was assaulted by defendants and other inmates as a direct result of their placing her in an all male dorm.

## II. JURISDICTION

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.  This Court has pendant jurisdiction over Plaintiff's state law claims.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. 1988.

7. Within ninety days of the incidents, notices of claims were timely filed as required under General Municipal Law 50e.

8. At least thirty days have elapsed since service of the Notice of claim and adjustment or payment of the claim has been neglected or refused.

9. This action has been commenced within one year and ninety days of the incidents.

## III. PARTIES

10. Plaintiff, CHANEL AUSTIN, is a resident in Bronx County, specifically 3461 Wilson Avenue, in the County of Bronx, City and State of New York.

11. Defendant, CITY OF NEW YORK, (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Department of Corrections and as such is the public employer of the Defendant officers herein.

12. That, upon information and belief and at all times herein mentioned, Defendant, NEW YORK CITY DEPARTMENT OF CORRECTIONS, (hereinafter "DOC") is an agency of Defendant, CITY OF NEW YORK, and conducts business in the Counties of Bronx, New York, Queens, Kings in the City and State of New York

13. NYC DOC OFFICER DUNBAR was at all relevant times hereto, acting in their capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

14. NYC DOC OFFICER WILSON was at all relevant times hereto, acting in their capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

15. Defendants, CORRECTIONS OFFICERS JANE/JOHN DOE(S) "1"-"3" were New York City Department of Corrections Officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

16. Moreover, the Law Department is hereby put on notice that once the name is known of the individual responsible for the Transgendered Unit, we will in an amended pleading add their name.

17. SUPERVISING WARDEN VICTOR VASQUEZ, was at all times referred to in this Complaint and upon information and belief still is, employed by the DOC  and was responsible for the supervision of Corrections officers, Captains and other supervisors, including SPAs

18. WARDEN TONY DURANTE of AMKC, was at all times referred to in this Complaint and upon information and belief still is, employed by the DOC  and was responsible for the supervision of Corrections officers, Captains and other supervisors, including SPAs.

19. Warden(s) First and Last name unknown of the NIC, was at all times referred to in this Complaint and upon information and belief still is/are, employed by the DOC and was responsible for the supervision of Corrections officers, Captains and other supervisors, including SPAs.

20. At all relevant times hereto, Defendants were acting under the color of state and local law.  Defendants are sued in their individual and official capacities.  At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of DOC and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## FACTS

21. Chanel Austin is transgendered.

22. Prior to the dates of incidents, Ms. Austin was detained on Rikers Island within the transgendered unit, hereinafter referred to as N-I-C.

23. After reporting an item stolen which was then discovered to be in another's possession, she was removed from the transgendered unit.

24. She requested that she remain in the Transgendered unit as she did nothing wrong and as the victim of the theft, explained that this transfer would present a danger to her and was essentially punishing her without cause.

25. She was then transferred to the Anna M. Kross Detention Center dorm, an all male dormitory.

26. Beginning on this date and running through May 18, 2015, Ms. Austin was the victim of several hate crimes and assaults based upon her sexuality and identity.

27. While housed in the aforementioned jail within cell 17, urine was thrown into her cell.

28. While in the same cell, on a different occasion feces was thrown into her cell.

29. After each incident, she requested a transfer back to the NIC, where she felt safe.

30. All of her requests were denied and fell upon deaf ears.

31. She was even subjected to a lockdown, while all other inmates were able to exit their cells, rather than to be transferred back to NIC.

32. On May 16, 2015, the Plaintiff was assaulted by an SPA, an inmate designed with authority, whose name is presently unknown, when she was struck by a chair resulting in her serious injury.

33. Again, she begged for a transfer back to NIC.

34. It was again denied without explanation.

35. Upon information and belief, this same SPA worker and/or Correction Officer exposed himself to her.

36. Other inmates watched her change and shower.

37. All of these incidents were reported.

38. She never should have been placed in this jail.

4

39. On May 18, while still within AMKC after this May 16, 2015 assault, she was subsequently assaulted by another SPA.  A different SPA then attacked her with a chair. This SPA, whose name is presently unknown, hid in her cell.

40. The SPA forcefully grabbed her and attempted to overpower her as he placed his forearm against her throat.

41. She managed to get away.

42. She immediately reported this assault.

43. She was then finally moved back to NIC.

44. As a result of these incidents, plaintiff sustained severe physical injuries and permanent damage.

45. The violence, deprivation of civil rights, anti-gay/transgender animus, and cover-up that occurred in this case are not isolated events.

46. Instead, they are yet another manifestation of a pattern and practice of misconduct of which New York City policymakers have had actual and constructive notice, and yet have not prevented.

47. The City of New York, senior supervisors and corrections officers have been repeatedly sued over the past two decades for using and condoning excessive force at Rikers Island, failing to investigate those violations, covering up those violations, and bringing false charges against the victims in an effort to mask the misconduct of the officers and several involved anti-gay conduct

48. In a "findings letter" sent on August 4, 2014 to Defendant City and the DOC, the U.S. Attorney for the Southern District of New York reported on the results of a multi-year investigation into the notorious use of excessive force at the DOC against adolescent inmates, and noted that its investigation suggested that the systemic deficiencies identified in the report *See* Report from United States Attorney Preet Bharara to New York City Mayor Bill de Blasio (Aug. 4, 2014) ("U.S. Attorney Report").

49. According to the findings, there was, and is, a "deep-seated culture of violence" "pervasive" across the various facilities on Rikers Island, and "DOC staff routinely utilize force not as a last resort, but instead as a means" of "control" and to "punish disorderly or disrespectful behavior."

50. According to the U.S. Attorney Report, at all times material to this complaint, there was a pattern, practice, and custom by DOC staff routinely to use unnecessary force to control and punish those perceived to be disobedient or disrespectful.  Even when

5

some level of force was necessary, the force used was often disproportionate to the risk posed.

51. Anti-gay/transgender animus experienced in prison settings is also longstanding and well-known. Despite being prohibited by DOC policy, a pattern and practice among DOC staff of using anti-gay slurs and disparate treatment persists.

52. In acknowledgment of this anti-gay/transgender animus, a DOC Chief's Order dated August 19, 2011 (No. HQ-00937-0) prohibits physical or verbal abuse, taunts, and denial of services to an inmate based on sexual orientation, and orders staff to prevent others from engaging in such misconduct. Defendants flouted this Order.

53. A federal Bureau of Justice Statistics ("BJS") study undertaken pursuant to the Prison Rape Elimination Act, 42 U.S.C. § 15601, reported that gay inmates are particularly vulnerable to sexual abuse in prison settings, including by staff. *See* BJS, U.S Dep't of Justice, *Sexual Victimization in Prisons and Jails Reported by Inmates, 2008-09* (Aug. 2010), at 14, *available at* http://www.prearesourcecenter.org/sites/default/files/library/80-sexualvictimizationinprisonsandjailsreportedbyinmatesaugust2010.pdf. Indeed, according to the National Inmate Survey conducted by BJS during 2008-09, 1.7% of inmates at EMTC had been subjected to sexual misconduct by EMTC staff. *Id.* at 70.

54. Federal regulations pursuant to PREA that took effect in 2012 specifically require municipal correctional facilities like Rikers Island and EMTC to train employees "[h]ow to communicate effectively and professionally with inmates, including lesbian, gay, bisexual, transgender, intersex, or gender nonconforming inmates." 28 C.F.R. 115.31(a)(9).

55. Despite all of this, Ms. Austin was retaliated against because of her gender and placed in a known dangerous situation which could and should have been avoided.

### FIRST CLAIM FOR RELIEF FOR:
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983 (*Against All Defendants*)

56. Ms. Austin incorporates by reference and realleges all of the preceding paragraphs of this complaint as though fully set forth herein.

57. The Fourth Amendment of the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides in part that, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.

6

58. By reason of the foregoing paragraphs, and by assaulting, battering, and using unnecessary, excessive, and unconscionable force, or failing to prevent others from doing so, the individual Defendants deprived Ms. Austin of rights, remedies, privileges, and immunities guaranteed to every person, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth Amendment to the United States Constitution to be free from unreasonable seizure of his/her person, the use of excessive force, assault and battery. The individual Defendants acted under pretense and color of state law and within the scope of their employment as DOC officers and employees.

59. As a direct and proximate result of the misconduct and abuse of authority detailed above, Ms. Austin sustained the damages alleged, including but not limited to conscious pain and suffering, injury, and deprivation of her liberty.

60. Defendant City of New York, through DOC, and acting under the pretense and color of law, permitted, tolerated, and was deliberately indifferent to a pattern and practice of staff brutality and retaliation by DOC staff at the time of Ms. Austin unnecessary transfer and the subsequent series of repeated sexual assaults by housing her in an all male dorm.

61. This widespread tolerance of corrections officer abuse constituted a municipal policy, practice, or custom and led to the assault. By permitting, tolerating, and sanctioning a persistent and widespread policy, practice, and custom pursuant to which Ms. Austin was subjected to.

62. Defendant City has deprived Ms. Austin of rights, remedies, privileges, and immunities guaranteed to every person in the United States, secured by 42 U.S.C. § 1983, including, but not limited to rights guaranteed under the Fourth Amendment.

63. At all times material to this complaint, Defendant City failed to properly train, screen, supervise, or discipline employees including the individual Defendants, and failed to inform supervisors of their need to train, screen, supervise, or discipline DOC employees such as the individual Defendants regarding the limits on using force and interacting with LGBT people.

64. As a direct and proximate result of Defendant City's and the DOC's policies, practices, customs, and usages, and the above-described failure to properly hire, train, screen, supervise, or discipline, Ms. Austin sustained the damages alleged, including but not limited to conscious pain and suffering, injury, and deprivation of her liberty.

**SECOND CLAIM FOR RELIEF FOR:**
**VIOLATION OF THE FOURTEENTH AMENDMENT: DUE PROCESS**

### 42 U.S.C. § 1983
### *(Against All Defendants)*

65. Ms. Austin incorporates by reference and realleges all of the preceding paragraphs of this complaint as though fully set forth herein.

66. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, bars Defendants from depriving any person of life, liberty, or property without due process of law (the "Due Process Clause").

67. By reason of the foregoing paragraphs, and by assaulting, battering, and using unnecessary, excessive, and unconscionable force, or failing to prevent other Individual Defendants from doing so, Defendants deprived Ms. Austin of rights, remedies, privileges, and immunities guaranteed to every person, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourteenth Amendment to the United States Constitution.

68. The Individual Defendants acted under pretense and color of state law and within the scope of their employment as DOC officers and employees.

69. As a direct and proximate result of the misconduct and abuse of authority detailed above, Ms. Austin sustained the damages alleged, including, but not limited to, conscious pain and suffering, injury, and deprivation of her liberty and due process rights.

70. Defendant City of New York, through DOC, and acting under the pretense and color of law, permitted, tolerated and was deliberately indifferent to a pattern and practice of staff brutality and retaliation by DOC staff at the time of Ms. Austin's repeated sexual assault and harassment. This widespread tolerance of corrections officer abuse constituted a municipal policy, practice, or custom and led to the assault. By permitting, tolerating, and sanctioning a persistent and widespread policy, practice, and custom pursuant to which Ms. Austin was subjected to, Defendant City has deprived her of rights, remedies, privileges, and immunities guaranteed to every person in the United States, secured by 42 U.S.C. § 1983, including but not limited to rights guaranteed under the Fourteenth Amendment.

71. At all times material to this complaint, Defendant City failed to properly train, screen, supervise, or discipline employees, including the Individual Defendants, and failed to inform supervisors of their need to train, screen, supervise, or discipline DOC employees such as the individual Defendants regarding limits on use of force.

72. As a direct and proximate result of Defendant City's and the DOC's policies, practices, customs, and usages, and the above-described failure to properly hire, train, screen, supervise, or discipline, Ms. Austin sustained the damages alleged,

including, but not limited to, conscious pain and suffering, injury, and deprivation of her liberty and due process rights.

### THIRD CLAIM FOR RELIEF FOR:
### VIOLATION OF THE FOURTEENTH AMENDMENT: EQUAL PROTECTION
### 42 U.S.C. § 1983
### *(Against all Defendants)*

73. Ms. Austin incorporates by reference and realleges all of the preceding paragraphs of this complaint as though fully set forth herein.

74. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall "deny to any person the equal protection of the laws." U.S. Const. amend. XIV, § 1.

75. Lesbians, gay men, and bisexual (LGB) people "compose a class that is subject to heightened scrutiny." *Windsor v. United States*, 699 F.3d 169, 185 (2d Cir. 2012).

76. By reason of the foregoing paragraphs, Defendants discriminated against Ms. Austin, a transgendered person, in the terms and conditions of her housing in retaliation to her requests by transferring her to an all male dorm – which resulted in her repeated sexual assaults and harassment by officers and inmates.

77. Defendants deprived her of rights, remedies, privileges, and immunities guaranteed to every person, secured by 42 U.S.C. § 1983, including, but not limited to, the right guaranteed by the Fourteenth Amendment to the United States Constitution to the equal protection of the laws.

78. The Individual Defendants acted under pretense and color of state law and within the scope of their employment as DOC officers and employees.

79. Defendant City of New York, through DOC, and acting under the pretense and color of law, permitted, tolerated, and was deliberately indifferent to a pattern, practice, or custom by DOC staff of discriminating against LGBT people.

80. Defendants' actions, practices, and customs permit and tolerate discrimination on the basis of sex and/or sexual orientation. Because Ms. Austin is transgendered, she was the victim of retaliation and transferred to an all male dorm, thereby exposing to her a known dangerous situation which resulted in several sexual assaults and her continued harassment and disparate treatment. Defendants' actions, practices, and customs send a message of second-class status and cause dignitary and actual harms to her as well as other LGBT people.

81. As a direct and proximate result of Defendants' conduct, policies, practices, customs, and usages, the plaintiff sustained the damages alleged, including, but not limited to, deprivation of her right to equal protection and equal dignity.

## FOURTH CLAIM FOR RELIEF FOR:
## VIOLATION OF THE FIRST AMENDMENT:
## RIGHTS OF ASSOCIATION AND EXPRESSION
## 42 U.S.C. § 1983
### (*Against all Defendants*)

82. Ms. Austin incorporates by reference and realleges all of the preceding paragraphs of this complaint as though fully set forth herein.

83. The First Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, protects choices to enter into and maintain intimate personal relationships, such as that of Ms. Austin, whose identity is a transgendered person. U.S. Const. amend. I.

84. By reason of the foregoing paragraphs, Defendants denied and infringed upon her rights of association and expression, penalizing her for how she lives her life.

85. The Individual Defendants acted under pretense and color of state law and within the scope of their employment as DOC officers and employees.

86. Defendant City of New York, through DOC, and acting under the pretense and color of law, permitted, tolerated, and was deliberately indifferent to a pattern, practice, or custom by DOC staff depriving LGBT people of rights of association and expression.

87. As a direct and proximate result of Defendants' conduct, policies, practices, customs, and usages, Ms. Austin sustained the damages alleged, including but not limited to the deprivation of her rights of association and expression.

## FIFTH CLAIM FOR RELIEF FOR:
## VIOLATION OF ARTICLE I, § 11 OF THE NEW YORK CONSTITUTION
### (*Against all Defendants*)

88. Ms. Austin incorporates by reference and realleges all of the preceding paragraphs of this complaint as though fully set forth herein.

10

89. Article I, § 11 of the New York Constitution provides that, "[n]o person shall be denied the equal protection of the laws of this state or any subdivision thereof."

90. LGB people "compose a class that is subject to heightened scrutiny." *Windsor*, 699 F.3d at 185.

91. By reason of the foregoing paragraphs, by discriminating against Ms. Austin, Defendants deprived her of rights, remedies, privileges, and immunities guaranteed to every person, including, but not limited to the right guaranteed by Article I, § 11 of the New York Constitution to the equal protection of the laws.

92. The Individual Defendants acted under pretense and color of state law and within the scope of their employment as DOC officers and employees.

93. 122. Defendant City of New York, through DOC, and acting under the pretense and color of law, permitted, tolerated, and was deliberately indifferent to a pattern, practice, or custom by DOC staff of discriminating against LGB people.

94. As a direct and proximate result of Defendants' conduct, policies, practices, customs, and usages, Ms. Austin sustained the damages alleged, including but not limited to the deprivation of her right to equal protection and equal dignity.

## SIXTH CLAIM FOR RELIEF FOR:
## DISCRIMINATION IN VIOLATION OF N.Y. CIVIL RIGHTS LAW § 40-C
### (*Against all Defendants*)

95. Ms. Austin incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

96. Section 40-c of the New York Civil Rights Law provides that, "[n]o person shall, because of ... sexual orientation ..., be subjected to any discrimination in his or her civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision of the state."

97. By the conduct and actions described above, Defendants denied and/or aided, abetted, incited, compelled, or coerced the denial to the plaintiff of her civil rights on the basis of her sexual orientation.

98. As a result, the plaintiff suffered conscious pain and suffering, damage, injury, and deprivation of her civil rights and liberty.

11

99. Plaintiff, simultaneous with the filing of this complaint, serves notice of his claim pursuant to N.Y. CLS Civ. R. § 40-c on the Attorney General of the State of New York.

## SEVENTH CLAIM FOR RELIEF FOR:
## DISCRIMINATION IN VIOLATION OF N.Y. HUMAN RIGHTS LAW § 296
### (*Against all Defendants*)

100. Ms. Austin incorporates by reference and realleges all of the preceding paragraphs of this complaint as though fully set forth herein.

101. Section 296 of the New York Human Rights Law provides that "[i]t shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of ... sexual orientation ..., directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof." N.Y. CLS Exec. § 296(2)(a).

102. By the conduct and actions described above, Defendants denied and/or aided, abetted, incited, compelled, or coerced the denial to Ms. Austin of the advantages, facilities, or privileges of a place of public accommodation on the basis of Ms. Austin's sexual orientation.

103. As a result, Ms. Austin suffered conscious pain and suffering, damage, injury, and deprivation of her civil rights and liberty.

## EIGHTH CLAIM FOR RELIEF FOR:
## DISCRIMINATION IN VIOLATION OF N.Y.C. HUMAN RIGHTS LAW § 8-107
### (*Against all Defendants*)

104. Ms. Austin incorporates by reference and realleges all of the preceding paragraphs of this complaint as though fully set forth herein.

105. Section 8-107 of the New York City Administrative Code provides that "[i]t shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of the actual or perceived ... sexual orientation ..., directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof." NY City Admin. Code § 8-107.

106. By the conduct and actions described above, Defendants denied and/or aided, abetted, incited, compelled, or coerced the denial to Ms. Austin of the advantages, facilities, or privileges of a place of public accommodation on the basis of her sexual orientation.

107. As a result, the plaintiff suffered conscious pain and suffering, damage, injury, and deprivation of her civil rights and liberty.

## NINTH CLAIM FOR RELIEF FOR:
## ASSAULT AND BATTERY UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against Defendants Doe, and the City of New York*)

108. Ms. Austin incorporates by reference and realleges all of the preceding paragraphs of this complaint as though fully set forth herein.

109. By the actions described above, her transfer to an all male dorm resulted in her repeated sexual assaults, battering, harassment and discrimination as  Defendants Doe, acting in their capacities as DOC officers and within the scope of their employment, committed a willful, unlawful, unwarranted, and intentional assault and battery upon Ms. Austin.

110. The acts and conduct of these Defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

111. The conduct of these Defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as DOC officials, and/or while they were acting as agents and employees of Defendant City of New York, clothed with and/or invoking state power and/or authority, and, as a result, Defendant City of New York is liable to the plaintiff pursuant to the state common law doctrine of *respondeat superior*.

112. As a result, Ms. Austin suffered conscious pain and suffering, damage, injury, and was a deprivation of her liberty.

## TENTH CLAIM FOR RELIEF FOR:
## ABUSE OF PROCESS UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against all Defendants*)

113.   Ms. Austin incorporates by reference and realleges all of the preceding paragraphs of this complaint as though fully set forth herein.

114.   By the conduct and actions described above, Defendants employed regularly issued process against Ms. Austin compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm Ms. Austin without justification, and Defendants were seeking a collateral advantage (including but not limited to covering for their own misdeeds described above) or corresponding detriment to Ms. Austin, which was outside the legitimate ends of the process. The acts and conduct of Defendants were the direct and proximate cause of injury and damage to Ms. Austin and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

115.   As a result, Ms. Austin suffered conscious pain and suffering, damage, injury, and the deprivation of her liberty.


### ELEVENTH CLAIM FOR RELIEF FOR: NEGLIGENCE

116.   Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs.

117.   The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of the injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

118.   As a result, Ms. Austin suffered conscious pain and suffering, damage, injury, and the deprivation of her liberty.


### TWELFTH CLAIM FOR RELIEF FOR:
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION, AND TRAINING UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against Defendant City of New York*)

119.   Ms. Austin incorporates by reference and realleges all of the preceding paragraphs of this complaint as though fully set forth herein.

120.   As demonstrated by the facts alleged herein, Defendant City of New York negligently hired, screened, retained, supervised, and trained the individual

14

Defendants. The acts and conduct of the Individual Defendants were the direct and proximate cause of injury and damage to Ms. Austin and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

121.    As a result, the plaintiff suffered conscious pain and suffering, damage, injury, and the deprivation of her civil rights and liberty.

## JURY DEMAND

122.    Ms. Austin demands a trial by jury in this action on each and every one of his damage claims.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered:

1.    Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2.    Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3.    Awarding Plaintiff interest from May 11, 2015; and

4.    Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5.    Granting such other and further relief as to this Court seems proper.

Dated: New York, N.Y.
        March 3, 2016

                          LAW OFFICE OF MATTHEW B. WALLER

                          MATTHEW WALLER
                          Attorneys for Plaintiff
                          CHANEL AUSTIN
                          20 Vesey Street - Suite 503
                          New York, New York 10007
                          (212) 766-4411

15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CHANEL AUSTIN,

                    Plaintiff,

        - against -

THE CITY OF NEW YORK; NEW YORK
CITY DEPARTMENT OF CORRECTION; SUPERVISING
WARDEN VICTOR VASQUEZ OF ANNA M. KROSS
CENTER (Shield Number unknown), WARDEN TONY
 DURANTE OF ANNA M. KROSS CENTER (Shield Number
unknown), WARDEN OF NORTH INFIRMARY COMMON,
F/N/U, L/N/U & Shield Number unknown), NYC DOC
OFFICER DUNBAR, F/N/U & (Shield Number unknown);
NYC DOC OFFICER WILSON, (F/N/U, Shield Number 17408),
and NYDOC OFFICERS JOHN and/or
JANE DOES "1" through "3",

                    Defendants.

                                   Defendants.

# SUMMONS AND COMPLAINT

**LAW OFFICE OF MATTHEW B. WALLER**
Attorneys for Plaintiff
**CHANEL AUSTIN**
20 Vesey Street, Suite 503
New York, NY 10007
(212) 766-4411

*Dated:* _____

        *Signed:* _____

*Service of a copy of the within*                    *is hereby*
*admitted.*

*Dated:* _____                _____

        _____
                    *Attorney(s) for*